IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CAR FINANCIAL SERVICES, INC., ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 18-00303-KD-N |
| ) | |
| CHARRANDA LAMBERT, individually and ) | |
| doing business as A-1 AUTO SALES and V. ) | |
| LAMBERT & FAMILY TIRE SALES AND ) | |
| AUTO SALES, ) | |
|     Defendants. ) | |

## ORDER

This diversity case is before the Court on Plaintiff's Complaint and Rule 65 motion for preliminary injunction to prevent Defendants "from interfering with Plaintiff's contractual relations with Customer Obligors" as referenced in the Complaint. (Docs. 1, 2).

**I.   Background**

As alleged, Plaintiff is a Georgia corporation doing business in Florida in the automotive financial services business (e.g., purchases retail installment contracts, in whole or part, from used car dealers with recourse). (Doc. 1; Doc. 1-1 at 1). Alabama resident Defendant Charranda Lambert (Lambert) is an individual doing business as A-1 Auto Sales, a used car business located in Alabama, and as part of the business sells vehicles to Customer Obligors on credit. (Id.) Defendant V. Lambert & Family Tire Sales and Auto Sales is alleged to be another one of Lambert's "sole proprietorships" located in Alabama. (Id.)

On August 23, 2016, Lambert d/b/a A-1 Auto Sales (Seller) executed a Master Purchase Agreement-BULK with Plaintiff (Buyer), through which Plaintiff may purchase from Seller automotive sales finance contracts (Receivables) via Short Form Purchase Agreements (SFPA). (Doc. 1-1 at 1). The August 23, 2016 SFPA provides that Lambert d/b/a A-1 Auto Sales sold 13 Receivables

to Plaintiff for $16,436.71 (Doc. 1-1 at 6-8).  Lambert d/b/a A-1 Auto Sales executed individual personal guarantees of the Seller's obligations under the agreements, and a Power of Attorney appointing Buyer as same. (Doc. 1-1 at 9; Doc. 1-2).

On November 29, 2016, non-party Vincent Lambert and Lambert d/b/a A-1 Auto Sales executed a Master Purchase Agreement-PIPP with Plaintiff (Buyer) -- on Defendant Lambert d/b/a A-1 Auto Sales' behalf -- providing that Plaintiff may purchase "a defined portion of the scheduled payments ("PIPs") of installment sale contracts ("Receivables") from Seller," via Short Form Purchase Agreements (SFPA).  (Doc. 1-3 at 1-8).  Plaintiff purchased 9 Receivables from Lambert d/b/a A-1 Auto Sales for $9,352.43.  (Doc. 1-3 at 9-14).  Lambert d/b/a A-1 Auto Sales executed individual personal guarantees of the Seller's obligations under the agreement, and a Power of Attorney appointing Buyer as same.  (Doc. 1-3 at 15; Doc. 1-4).

As of June 18, 2018, Plaintiff notified Lambert d/b/a A-1 Auto Sales of being in default under the agreements in the amount of $172,289.90.  (Doc. 1-5).  On June 27, 2018, Plaintiff again notified Lambert d/b/a A-1 Auto Sales of the default, and alleged further, that she and her d/b/a were making false representations to customers, misdirecting payments, coercing payments with threats of repossession, wrongfully interfering with contractual relations, etc. (Doc. 1-7).

Thereafter, Plaintiff sued Lambert individually, Lambert's d/b/a A-1 Auto Sales, and another entity named V. Lambert & Family Tire Sales and Auto Sales, requesting entry of a preliminary injunction to prevent defendants from interfering with Plaintiff's contractual relations with the Customer Obligors.  In doing so, Plaintiff alleges that the defendants (including non-signatory V. Lambert & Family Tire Sales and Auto Sales) interfered with the contracts/agreements by collecting receivables from Customer Obligors that had been assigned to Plaintiff (contacting them with instructions to pay her), converting payments due to Plaintiff, and maliciously interfering with the Plaintiff-Customer Obligor contractual relationship.  In support, Plaintiff submits an undated letter

from V. Lambert & Family Tire Sales and Auto Sales to a "valued customer," signed by non-party individual Tyler Lambert. (Doc. 1-6 at 1).

**II.     Discussion**

"A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." Am. Civil Liberties Union of Fla., Inc. v. Miami–Dade Cty. Sch. Bd., 557 F.3d 1177, 1198 (11th Cir. 2009). The prerequisites are: 1) a substantial likelihood of success on the merits; 2) irreparable injury/harm will be suffered unless the injunction issues; 3) threatened injury to the movant outweighs whatever damage/harm the injunction may cause the non-movant; and 4) the injunction would not be adverse to (or disserve) the public interest. FF Cosmetics FL, Inc. v. City of Miami Beach, 2017 WL 3431453, *4 (11th Cir. Aug. 10. 2017); KH Outdoor, LLC v. City of Trussville, 458 F.3d 1261, 1268 (11th Cir. 2006); Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-1226 (11th Cir. 2005); Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000). As a drastic remedy, a preliminary injunction and "its grant[,] is the exception rather than the rule[.]" Siegel, 234 F.3d at 1176. "Failure to show any of the four factors is fatal, and the most common failure is not showing a substantial likelihood of success on the merits…." Miami-Dade, 557 F.3d at 1198. "If the movant is unable to establish a likelihood of success on the merits, a court need not consider the remaining conditions prerequisite to injunctive relief." Johnson & Johnson Vision Care, Inc. v. 1–800 Contacts, Inc., 299 F.3d 1242, 1247 (11th Cir. 2002).  Moreover, "the irreparable harm inquiry is a critical component of the Rule 65 preliminary injunction analysis." Plains Southcap LLC v. City of Semmes, Ala., 2013 WL 4544318, *2 (S.D. Ala. Aug. 28, 2013).  Equitable relief such as an injunction is only available in the absence of an adequate remedy at law, and if an injury can be "undone through monetary remedies, it is not irreparable." SME Racks, Inc. v. Sistemas Mecanicos Para., Electronics, S.A., 243 Fed. Appx. 502, 503-504 (11th Cir. Jul. 5, 2007) (per curiam).  "The possibility that adequate compensatory or other corrective relief will be

available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm[--]" i.e., "economic losses alone do not justify a preliminary injunction." Windsor v. U.S., 379 Fed. Appx. 912, 916 (11th Cir. 2010) (per curiam); BellSouth Telecomm., Inc. v. MCIMetro Access Transmission Servs., LLC, 425 F.3d 964, 970 (11th Cir. 2005).

The Court turns first to irreparable injury. "A showing of irreparable harm is 'the *sine qua non* of injunctive relief.'…An injury is 'irreparable' only if it cannot be undone through monetary remedies. 'The key word in this consideration is *irreparable*. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.'" Northwestern Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (emphasis in original).

Plaintiff seeks $172,289.90 from Defendant due to its alleged default under the relevant agreements. Ostensibly then, money is what Plaintiff seeks to recover. Apart from specific money damages, Plaintiff contends that Defendant's actions "have caused and will in the future cause irreparable injury and great damage to the Plaintiff which may not be compensable in money damages, and has caused and will in the future necessitate and cause Plaintiff to bring a multiplicity of suits to protect its contract rights with Customer-Obligors." (Doc. 1 at 4). Plaintiff asserts that it does not have an adequate remedy at law as it will "have to burden this court with request for relief each time the Defendant improperly repossessed and refused to return a financed vehicle that is the subject of the agreements between the parties[,]" and "Customer-Obligors will be burdened with the choice of continuing to pay the Plaintiff and, possibly having their vehicles repossessed by the Defendant; entering into new agreements with the Defendant so they can have the use of such vehicles, but being in default of their agreements with the Plaintiff, or paying both the Plaintiff and Defendant so they can

have use of their vehicles and avoid default under their agreements." (Doc. 2 at 1-2).

The Court is not persuaded. Plaintiff seeks to recover from Defendant the sum of at least $172,289.90 for an alleged contractual default. Plaintiff has not sufficiently identified *what* is *not* compensable via money damages and/or *why* a multiplicity of suits would result if only money damages were awarded. Additionally, what Plaintiff appears to highlight as *its* irreparable injury instead appears to highlight *potential injuries to the Customer-Obligors*. Moreover, Plaintiff has not adequately explained why an award of damages would not be an adequate remedy at law for its alleged injuries (i.e., repossession is still about the vehicle (and its property value) and the financing (money) associated with same). Upon consideration, the Court finds that Plaintiff has failed to establish that its alleged injuries cannot be undone through money damages and that irreparable injury will be suffered unless the injunction issues.

Based on the foregoing, it is **ORDERED** that Plaintiff's motion for a preliminary injunction (Doc. 2) is **DENIED** without a hearing.[1]

**DONE** and **ORDERED** this the **11th** day of **July 2018.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

1 A hearing is required on a motion for a preliminary injunction only if there are contested issues of fact that require credibility determinations. See, e.g., Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205, 1211 (11th Cir. 2003) (providing that an "evidentiary hearing is not always required before the issuance of a preliminary injunction" unless "facts are bitterly contested and credibility determinations must be made to decide whether injunctive relief should issue") (citations omitted); Cumulus Media, Inc. v. Clear Channel Communications, Inc., 304 F.3d 1167, 1178 (11th Cir. 2002) (concluding that where little dispute exists as to raw facts, and the dispute revolves around inferences to be drawn from such facts, it is left to the district court's sound discretion to determine whether an evidentiary hearing is necessary); McDonald's Corp. v. Robertson, 147 F.3d 1301 (11th Cir. 1998) (same); All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc., 887 F.2d 1535, 1538 (11th Cir. 1989) (same).