# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CAR FINANCIAL SERVICES, INC., )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>CHARRANDA LAMBERT, individually and )<br>doing business as A-1 AUTO SALES and V. )<br>LAMBERT & FAMILY TIRE SALES AND )<br>AUTO SALES, )<br>      Defendant. ) | CIVIL ACTION 18-00303-KD-N |

## ORDER

This matter is before the Court on the Defendants' counterclaim and motion to dismiss, for *sua sponte* review and to clarify the record. (Docs. 45, 46).

Specifically, on March 1, 2019, Plaintiff filed a Third Amended Complaint and summons issued to all defendants (including to new defendant) to respond to *this* complaint. (Doc. 37, 39). On March 15, 2019, counsel filed an appearance for all of the defendants (including the newly named defendant). (Doc. 41). Additional counsel for defendants appeared on March 21, 2019. (Doc. 44). On March 22, 2016, Defendants filed a Counterclaim against Plaintiff. (Doc. 45). A few minutes later, Defendants filed a Rule 12(b)(6) motion to dismiss -- for failure to state a claim upon which relief can be granted. (Doc. 46).

The timing is relevant because the filing of Plaintiff's Third Amended Complaint set new response deadlines for the defendants -- to respond to *that* complaint. This is because a properly filed amended complaint supersedes prior complaints in the case. Pintando v. Miami–Dade Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007) (quoting Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER, 463 F.3d 1210, 1215 (11th Cir.2006) (same); Smith v.

1

West Facilities Corp., 2005 WL 1785224, *1-2 (S.D. Ala. Jul. 26, 2005) (same). As a result, Defendants are "allowed" to file a responsive pleading to Plaintiff's Third Amended Complaint and are to do so within 21 days after being served: "must serve an answer" within that timeframe or file a Rule 12(b) motion. Fed.R.Civ.P. Rule 12(a)(1)(A)(i) and 12(b). Notably, Rule 12(b) provides that a Rule 12(b) motion "must be made *before* pleading if a responsive pleading is allowed." Fed.R.Civ.P. Rule 12(b) (emphasis added). Moreover, Rule 13(a)(1) provides that a counterclaim must be included in a pleading (e.g., an Answer). Fed.R.Civ.P. Rule 13(a)(1). Rule 7(a) defines pleadings as: 1) a complaint; 2) an answer to a complaint; 3) an answer to a counterclaim designated as a counterclaim; 4) an answer to a crossclaim; 5) a third-party complaint; 6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer. Fed.R.Civ.P. Rule 7(a). In sum, a counterclaim is not a "pleading," and a counterclaim cannot be filed (typically) as a stand-alone document. Thus, the filing of the counterclaim does not "count" against Defendants with regard to the Rule 12(b) requirement that such a motion be made *before* a responsive pleading is filed.

As explained in Federal Procedure, Lawyers Edition, 27A Fed. Proc., L. Ed. § 62:201 (March 2019 Update) (footnotes omitted, emphasis added)):

> Counterclaims can only be asserted in a pleading. [ ] A counterclaim must be pleaded as fully and distinctly and with the same substantial requisites as an original cause of action.[ ] Thus, a counterclaim is subject to the same pleading requirements as a complaint.[ ] …[and] may have to satisfy the particularity requirements of Fed. R. Civ. P. 9(b). [ ]…
>
> If a party is asserting a counterclaim, it should be designated and pleaded as a counterclaim. [ ] …*where a defendant has filed no answer to the complaint but has filed a document purporting to contain counterclaims, such counterclaims must be dismissed or stricken, since a counterclaim is not a pleading but must be stated in a pleading and therefore can be asserted only in the defendant's answer*…..
>
> …. The filing of a motion to dismiss does not allow a defendant to file counterclaims as a stand-alone filing….

See e.g., National Ass'n of Govt. Employees, Inc. v. National Emergency Med. Servs. Ass'n, Inc., 969 F. Supp. 2d 59, 67 (D. Mass. 2013) ("counterclaims can only be asserted in a 'pleading'"….[t]he filing of a motion to dismiss does not allow a defendant to file counterclaims as a stand-alone filing[]"). See also Andy Thanh v. Oanh Tran, 2018 WL 4944992, *1 (C.D. Cal. Jan. 25, 2018) (internal citations omitted) ("Under…Rules…7 and 13, Defendants may not file a counterclaim without filing an answer. Rule 13 only contemplates the filing of a…counterclaim in or concurrent with "a pleading."….This Court does not have any power to modify the list in the interests of justice or otherwise….A counterclaim filed independent of any such pleading is not permitted….Other courts have reached the same conclusion. … The Court therefore denies Defendants' motion for leave to add a counterclaim[]").[1]

In this case, Defendants' motion to dismiss was filed after Defendants' counterclaim was filed, but before any "pleading" by the Defendants was filed in response to Plaintiff's Third Amended Complaint. Indeed, the case's current procedural posture indicates that a "responsive pleading" would have been allowed instead of a counterclaim -- Defendants' Answer to Plaintiff's Third Amended Complaint, which could have *included* a counterclaim *therein*. However, the

---

[1] *Cf.* Blitz Telecom Consulting, LLC v. Mingo, 2011 WL 3821065, *2 (M.D. Fla. Aug. 30, 2011) ("Blitz argues that the counterclaim should be dismissed because it was filed as a standalone document, rather than as part of the Defendants' answer. The Defendants' ….was filed in state court prior to removal, and the counterclaim … was filed after the Court granted the Defendants leave to amend their pleading….It would have been the better practice to combine the counterclaim and the answer into a single filing, rather than filing the counterclaim separately. However, it is clear that the Defendants intended to add the counterclaim to its pleading, rather than substitute it in place of that pleading, and the Court will not elevate form over substance…[]"); Panama City Beach Condos, Ltd. P'p. v. Adjusters Int'l Colorado, Inc., 2008 WL 11340312, *1 (N.D. Fla. Oct. 14, 2008) ("At the outset, it bears noting that whether a defendant properly may file a counterclaim before filing an answer is less than clear….Nonetheless, I assume for present purposes that the counterclaim has been properly filed. This makes little real difference, because the defendant will file an answer soon enough, and if not deemed properly filed now, the counterclaim could simply be included in the answer[]"); Weitzman, LLC v. Micro Computer Res., Inc., 2007 WL 744649, *3 (S.D. Fla. Mar. 6, 2007) (construing defendant's stand-alone filing of a counterclaim months after the filing of its answer, as "part of [the filing of] an [a]mended [a]nswer.").

Defendants appear to have chosen an alternative route -- a Rule 12(b) motion. And while Defendants' Answer to the Third Amended Complaint was due 21 days after being served, the filing of the Rule 12(b) motion suspends that deadline and re-sets it to the following: "if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action…." Fed.R.Civ.P. Rule 12(a)(4). With the counterclaim filed in the mix, procedural confusion in the record has resulted.

While this may be viewed as much ado regarding form over substance, the undersigned finds that clarity is the path for this particular case. To accomplish just that, the undersigned turns to what was technically filed first -- the counterclaim. It is **ORDERED** that the counterclaim is **STRICKEN** for lack of compliance with the Federal Rules (e.g., not included in an answer). This leaves Defendants' Rule 12(b)(6) motion to dismiss. Defendants failed to file a brief in support of their motion. The motion does not comply with S.D.AL CIV LR 7(b) which provides"…any motion filed pursuant to Fed. R. Civ. P. 12(b)…must be supported by a brief….filed contemporaneously with the motion. Failure to file a brief in support….is sufficient cause to deny the motion…."' Upon consideration, the motion to dismiss is also **STRICKEN** for lack of compliance the Local Rules.

**DONE** and **ORDERED** this the **26th** day of **March 2019.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**