**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| CAR FINANCIAL SERVICES, INC., )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>CHARRANDA LAMBERT, individually and )<br>d/b/a A-1 Auto Sales and V. Lambert & Family )<br>Tire Sales and Auto Sales, and V. Lambert & )<br>Family, LLC, )<br>      Defendants. ) | CIVIL ACTION 18-00303-KD-N |

**ORDER**

This matter is before the Court on Defendants' partial[1] motion for summary judgment (Docs. 62, 63), Plaintiff's Response (Doc. 71), and Defendants' Reply (Doc. 72).2

**I.    Findings of Fact**[3]

As alleged, Plaintiff Car Financial Services, Inc. (Car Financial) is a Georgia corporation doing business in Florida in the automotive financial services business (e.g., purchases retail installment contracts, in whole or part, from used car dealers with recourse). (Docs. 1; 1-1 at 11;

---

    1 Plaintiff does not move for summary judgment on its unjust enrichment claim against V. Lambert & Family, LLC (the second cause of action in the Third Amended Complaint). (Doc. 37 at 5).

    2 In Reply, the Defendants move for summary judgment on Count 2 of Plaintiff's complaint. The Court will not consider such as it has been raised for the first time in the Reply. New arguments cannot be presented for the first time in a reply. See, e.g., Brown v. CitiMortgage, Inc., 817 F.Supp.2d 1328, 1332 (S.D. Ala. 2011) ("New arguments presented in reply briefs are generally not considered by federal courts.") (citations omitted); Kirksey v. Schindler Elevator Corp., 2016 WL 7116223, *6 (S.D. Ala. Dec. 6, 2016) ("[T]his argument is improper because it is newly raised in a reply although it was available earlier"); United States v. Crumb, 2016 WL 4480690, *17 (S.D. Ala. Aug. 24, 2016) ("[T]his kind of new, previously available argument in support of a motion is not appropriately presented for the first time in a reply").

    3 The facts are taken in the light most favorable to the non-movant. Tipton v. Bergrohr GMBH–Siegen, 965 F.2d 994, 998-999 (11th Cir. 1992). The "facts, as accepted at the summary judgment stage of the proceedings, may not be the actual facts of the case." Priester v. City of Riviera Beach, 208 F.3d 919, 925 n. 3 (11th Cir. 2000).

1

37). Alabama resident Defendant Charranda Lambert (Ms. Lambert) is an individual d/b/a as A-1 Auto Sales, a used car business located in Alabama, and as part of the business from time to time sells vehicles to Customer Obligors on credit. (Id.) Defendant V. Lambert & Family, LLC is an Alabama limited liability company operated by Vincent Lambert. (Id.)

The case deals with an alleged breach of contract tied to automobile financing agreements. Specifically, Car Financial has two programs with dealerships which involve purchasing a dealership's receivables; Account Bulk Purchase Program ("Bulk") and the Payment Interval Purchase Program ("PIPP"). (Doc. 71 at 14-22 (Aff. Smith)).[4]

Under the Bulk Program, a dealership enters into a Master Purchase Agreement—Bulk ("Bulk Agreement") with Car Financial, which among other things, permits it to purchase the dealership's receivables. Id. The dealership assigns the receivables to Car Financial, entitling Car Financial to receive payments from borrower/customers for the remaining term of the financing agreement. Id. Car Financial receives and holds the original titles to the automobiles. Id. The dealership also signs a Power of Attorney agreement, which permits Car Financial to enforce rights granted to the dealership under the financing agreements with its customers. Id. As such, Car Financial steps into the shoes of the dealership as the primary lienholder for purchased automobiles, even though it does not change the lienholder on the title. Id. The receivables purchased by Car Financial are referenced in subsequent contracts called Short Form Purchase Agreements. (Doc. 71 at 14-22 (Aff. Smith)). Each receivable acquired through a Short Form Purchase Agreement is governed by the terms of the Bulk Agreement and the terms of the Bulk Agreement are incorporated by reference into each Short Form Purchase Agreement. Id. There is

---

4 Non-party Stephen Smith is an Area Manager for Plaintiff, who establishes and maintains business relationships with used car dealerships that do business with Plaintiff via the Bulk and PIPP programs. (Doc. 71 at 14- 22 (Aff. Smith)).

no limit on how many Short Form Purchase Agreements may be executed under a Bulk Agreement. Id. If a customer fails to make a payment within the first 30 days of Car Financial purchasing the contract (receivable), the dealership is obligated under the Bulk Agreement to repurchase that receivable. Id. After the initial 30-day period, however, Car Financial bears the risk of default by the customer. Id.

Under the PIPP Program, a dealership enters into a Master Purchase Agreement—PIPP ("PIPP Agreement") with Car Financial. (Doc. 71 at 14-22 (Aff. Smith)). The PIPP is similar to the Bulk Agreement with respect to assignment of receivables and delivery of title to vehicles. Id. However under a PIPP, Car Financial purchases only a defined portion of a customer's scheduled payments under their financing agreement (e.g., three months, six months, or longer), not the entire contract and payment term. Id. The PIPP also requires the dealership to repurchase from Car Financial any receivable that defaults during the term. Id. Car Financial has full recourse under a PIPP against the dealership for any customer default, regardless of the amount of time that has passed. Id.

On August 23, 2016, Ms. Lambert (Seller) executed a Master Purchase Agreement-Bulk with Car Financial (Buyer), through which Car Financial may purchase from Seller automotive sales finance contracts (Receivables) via Short Form Purchase Agreements. (Doc. 63 at 1-13; Doc. 37-1 at 1-8; Doc. 71 at 33-34 (Dep. C. Lambert)). The agreement provides that Lambert sold 13 Receivables to Plaintiff for $16,436.71. (Doc. 1-1 at 6-8). Simultaneously Ms. Lambert executed a personal guaranty of her obligations. (Doc. 37-1 at 10-12; Doc. 71 at 33-34 (Dep. C. Lambert)).

On November 29, 2016, Ms. Lambert executed a Master Purchase Agreement-PIPP with Car Financial (Buyer) providing that Car Financial may purchase "a defined portion of the scheduled payments ("PIPs") of installment sale contracts ("Receivables") from Seller," via Short

Form Purchase Agreements. (Doc. 37-1 at 14-27; Doc. 71 at 34-35 (Dep. C. Lambert)). Car Financial purchased nine (9) Receivables from Ms. Lambert for $9,352.43. (Doc. 1-3 at 9-14). Simultaneously Ms. Lambert executed a personal guaranty of her obligations under the PIPP agreement. (Doc. 37-1 at 29-31; Doc. 71 at 35-36 (Dep. C. Lambert)).

Per Car Financial, as of November 2017, a number of the receivables purchased in 2016 in its Bulk and PIPP portfolios with Ms. Lambert were in default. (Doc. 71-1). In March/April 2018, Car Financial purchased additional receivables from Ms. Lambert. (Id.)

Car Financial further alleges that on May 2, 2018, Ms. Lambert entered into a Master Purchase Agreement-BULK with Plaintiff (a new Bulk agreement), and signed a personal guaranty. (Doc. 37-1 at 36-44). The documents were given to Vincent Lambert, who returned them to Car Financial with signatures purporting to be Ms. Lambert's, but she testified that she "did not sign it[]"). (Doc. 37-1 at 36; Doc. 71 at 39 (Dep. C.Lambert)).

As of June 18, 2018, Car Financial notified Ms. Lambert that she was in default under the agreements in the amount of $172,289.90. (Doc. 37-1; Doc. 71 at 36 (Dep. C.Lambert)). On June 27, 2018, Car Financial again notified Ms. Lambert of the default, and alleged further, that she was making false representations to customers, misdirecting payments, coercing payments with threats of repossession, wrongfully interfering with contractual relations, etc. (Doc. 37-1 at 34-35) (referencing Doc. 37-1)). Thereafter, Car Financial sued Ms. Lambert individually, for breach of contract, and V. Lambert & Family, LLC, for unjust enrichment. (Docs. 1, 37).

**II.   Standard of Review**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Rule 56(c) provides as follows:

4

> *(c) Procedures*
> *(1) Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> *(2) Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> *(3) Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.
>
> *(4) Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

FED.R.CIV.P. Rule 56(c).

The party seeking summary judgment bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). If the nonmoving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to summary judgment. Celotex, 477 U.S. at 323. "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter. Instead, the evidence of the non-movant is to be believed,

and all justifiable inferences are to be drawn in his favor." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998-999 (11th Cir. 1992).

## III. Discussion

Car Financial seeks to recover approximately $172,289.90 for breach of contract and unjust enrichment. Defendants move for summary judgment on Car Financial's breach of contract claim claiming that: 1) for Defendant V. Lambert & Family, LLC, no valid contract exists, there was no acceptance, and there was no consideration (Doc. 63 at 2-6); and 2) for Ms. Lambert, she is free of liability because she was not an agent of Defendant V. Lambert & Family, LLC and so could not accept an offer or bind said entity into a contract with Car Financial (Id. at 6-7). Defendants have focused their arguments on the lack of an express contract between Car Financial and V. Lambert & Family, LLC, the inability of Ms. Lambert to bind V. Lambert & Family, LLC via any of her actions (disputing agency capacity), and the May 2, 2018 Bulk agreement (which Ms. Lambert claims she did not sign).

However, as Car Financial correctly explains -- and as alleged in the Third Amended Complaint -- its *singular* claim for breach of an express contract is against Ms. Lambert, not V. Lambert & Family, LLC. (Doc. 71 at 9). Defendant V. Lambert & Family, LLC is the subject of Car Financial's unjust enrichment claim, for which Defendants have not moved for summary judgment.

Additionally, Car Financial is not relying on the May 2, 2018 Bulk agreement in support of their claim against Ms. Lambert: the "Agreement is immaterial to Plaintiff's breach of contract action against Charranda Lambert because Car Financial did not purchase any new receivables under any Bulk Agreement with Charranda Lambert after May 2, 2018." (Doc. 71 at 11). Specifically, as asserted in the Third Amended Complaint, Plaintiff's breach of express contract

claim against Ms. Lambert is based on: 1) the August 23, 2016 Bulk Agreement; 2) the August 23, 2016 Personal Guaranty; 3) the November 29, 2016 PIPP Agreement; 4) the November 29, 2016 Personal Guaranty; and 5) the various Short Form Purchase Agreements made under the 2016 Bulk and PIPP Agreements.

Defendants' motion does not address these contracts, much less attempt satisfy their burden on summary judgment with regard to same. As a result, Defendants, have failed to satisfy their summary judgment burden with regard to Plaintiff's breach of an express contract claim against Ms. Lambert. The "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Indeed, "[t]f the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made. *Coats & Clark*, 929 F.2d at 608." Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1116 (11th Cir. 1993). See also Givens v. Saxon Mortg. Servs., Inc., 2014 WL 2452891, *3 (S.D. Ala. Jun. 2, 2014) (same); CSX Transp. v. Cooper Marine & Timberlands Corp., 2009 WL 1789391,*2 (S.D. Ala. Jun. 24, 2009) ("Because they did not meet their initial burden, no responsive burden passed…[to the non-movant.]"). In other words, Defendants' failure forecloses summary judgment, and results in a failure to shift the burden to Car Financial.

Even assuming *arguendo* that the summary judgment burden shifted to Car Financial, the Court's analysis would be limited to whether a valid and binding express contract exists between Ms. Lambert and Car Financial, under which Car Financial performed, Ms. Lambert failed to perform, and Car Financial was damaged as a result.[5] In other words, any contentions concerning

---

5 To establish a breach of contract, the Plaintiff must show: 1) the existence of a valid contract

V. Lambert & Family, LLC -- the main focus of Defendants' motion -- are irrelevant. Given that "all justifiable inferences…to be drawn in [Car Financial's] favor," the evidence supports the existence of these factors, and thus, the survival of Car Financial's breach of an express contract claim against Ms. Lambert.

**IV.** <u>**Conclusion**</u>

Accordingly, it is **ORDERED** that the Defendant's motion for summary judgment (Docs. 62, 63) is **DENIED.**

**DONE** and **ORDERED** this the **11th** day of **July 2019.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

binding the parties; 2) Plaintiff's performance under the contract; 3) Defendants' non-performance; and 4) resulting damages. <u>Shaffer v. Regions Fin. Corp</u>., 29 So.3d 872, 880 (Ala. 2009); <u>Univalor Trust, SA v. Columbia Petroleum, LLC,</u> 2017 WL 2303999, *9 (S.D. Ala. May 25, 2017).